Monell
v.
Smith

*G. A. Shufeldt,* contra.

---

## MONELL *against* SMITH and JENKINS.

ON the 31st of December last, the defendants executed their bond and warrant of confession to the plaintiff, in the penalty of $25,000 ; conditioned (among other things) to pay all notes theretofore endorsed, or thereafter to be endorsed by the plaintiff for the defendants, or either of them ; and to indemnify the plaintiff against all costs, &c., by reason of, or on account of such votes.

On this bond, the plaintiff caused a judgment to be entered, and two executions to be issued ; one to the sheriff of Columbia, and the other to the sheriff of New York, for the $25,000 ; without any special directions as to the amount which they should levy.   The sheriff of Columbia was informed by the plaintiff's attorney, that he would afterwards receive instructions on this head, so soon as the plaintiff could ascertain what should be levied ; and he afterwards gave

Where one becomes endorser or surety ; and takes a bond and warrant to confess judgment from his principal, as counter security, he may enter judgment and sue out execution for the sum for which he is liable as surety, the same being due, in part, or in whole, before actual payment by him. And this,

though the bond be not for a specified sum ; but conditioned to pay certain endrsements made and to be made by him for the obligors ; and to indemnify against costs, &c.

And he may issue execution for the whole penalty without motion ; subject to specific directions to the sheriff as to the amount to be levied, as soon as he can ascertain it.

If execution be issued for too much the court will correct this on motion.

And they may also, on motion, make order for securing the sum to be levied to the creditors to whom the surety is bound, if they see that this is necessary.

<div style="float:left">NEW YORK,<br>May, 1826.<br><br>Monell<br>v.<br>Smith.</div>

directions to levy $14,549 14 of the joint or several prope.. ty of the defendants; and $8000 of Smith's individual property. The former was the amount to which the plaintiff had endorsed (by blank endorsements and otherwise) for the defendants jointly; and the latter the amount of his endorsements for Smith individually. He made no endorsements for Jenkins alone.

A small part of the $14,549 14 had fallen due on the notes endorsed, and the plaintiff was prosecuted for it, before the executions issued. A still larger amount was about falling due; and the whole was unprovided for by the defendants on the 11th of April last, when the executions issued. They were levied on property of the defendants, and of Jenkins individually, to the value of about $7,500.

The order of the chief justice being obtained by Jenkins, to stay proceedings, with a view to move the court upon the subject, Monell immediately offered Jenkins to give security, that all which should be raised by the executions out of the joint property of the defendants, or of Jenkins' individual property, should be applied in discharge of the endorsements on their joint account. Monell had then confessed a judgment to The Bank of Columbia, of about $7,629 60; being the amount of his endorsements for the defendants to that bank. The defendant, Jenkins, declined entering into any arrangement on the subject. Monell had become insolvent by these endorsements; and

*D. B. Tallmadge* and *T. J. Oakley*, now moved to set aside the executions as irregular; and insisted that they could not issue until actual payment by the plaintiff. He may collect the money, and appropriate it to his own use; still leaving the defendants liable.

Upon a bond like this, where no sum is mentioned in the condition, the plaintiff should apply to the court for leave to take out execution for what he claims to be due, on the usual notice to the defendant. This is the settled rule even as to bonds for the payment of annuities, where part has been levied. (2 W. Bl. 843.)

The executions are irregular in any view, as they issued for $25,000.

At any rate, the court will provide some mode of secur- NEW YORK, ing the money to the creditors of Smith and Jenkins; the May, 1826. plaintiff being insolvent; and neither the creditors nor the defendants being secure, that the monies to be raised will be properly applied. (*Bank of Auburn* v. *Throop*, 18 John. Rep. 505.) This court exercises an equitable jurisdiction over judgments upon bond and warrant. (*Frasier* v. *Frasier*, 9 John. Rep. 80.)

If insufficient to pay all the debts for which the plaintiff is bound, the money should be paid rateably among them. (4 John. Ch. Rep. 619, 648, 9, 687.) Why should the bank of Columbia be preferred? They also cited 6 John. 283, 43, and 12 John. 350.

*C. Bushnell* and *E. Williams*, contra. It will not be denied that several executions may run on the same judgment at the same time in different counties; (2 Cowen's Rep. 456;) and as to the sum to be levied, it was fixed as soon as the plaintiff could ascertain the amount of his liabilities. If not so, it may be corrected now. To delay him till he had ascertained the amount, or applied to this court on the subject, might defeat the very end of the security. In the mean time the defendant's property might have been placed beyond reach of an execution.

A judgment for future responsibilities is good; (5 John. Ch. Rep. 326;) and the surety may collect on such a judgment, though he has not paid the debt. (6 id. 281 to 288, and the cases there cited.) On a bond conditioned like this, an action lies without waiting to be damnified. (id. 2 T. R. 100. id. 640.) The plea of *non damnificatus* would be inapplicable to an action on this bond. The judgment was for the purpose of indemnity; which cannot be carried into effect, unless the plaintiff be allowed to levy before payment.

*Curia.* Where one becomes surety for another, for a certain sum or sums of money; and takes a bond and warrant from his principal in the usual form for a sum or sums corresponding in amount; or a bond and warrant conditioned to pay the specific sum or sums to the creditor; and

there is a partial or total default of payment by his principal, even though the whole money be not due, he may issue execution for the whole ; and this, whether he has made payment or not.  This position is warranted by the cases which are cited and considered by the late chancellor, in *Roosevelt* v. *Mark*, (6 John. Ch. Rep. 266, 279 to 285.) The decision of that cause follows the cases cited ; and we think with good reason.  The only question is, whether the same course may be pursued where the bond relates in general terms to liabilities as surety or endorser, past and prospective, without mentioning a sum certain ; and we think it may.  It is true, the sum does not appear on the face of the bond ; and there is no doubt that in an action on such a bond, breaches must be assigned.  It would be the same however, we think, as to a bond conditioned to pay specified sums to third persons.  The certainty is the same in both cases.  In both, we may be obliged to look beyond the face of the bond, to see what is due.  In a technical sense, that is certain, which may be made certain.  We all know the objects of the parties to these instruments.  It is to afford the most prompt indemnity.  This, many times, cannot be done, where the surety is first obliged to pay ; and then resort to his execution.  Such a course might ruin him.  And even then, there might be a dispute as to the propriety of his actual payments ; as whether the principal may not have paid them. before.  Great caution is used in these cases to make the security perfectly adequate.  The warrant of attorney, generally, contains a power to release all errors and irregularities : and if there be any abuse, it is perfectly competent for this court to afford equitable redress.  If the amount due be doubtful, the defendant may have an issue.  If the plaintiff is plainly seeking to levy more than is due, he may be restrained on motion.  If there be danger of misapplication, this may be provided against by security or otherwise.  (*Bank of Auburn* v. *Throop*, 18 John. 505.)  In the present case, the only doubt with us was, whether, as the plaintiff is alleged to be insolvent, we ought not to direct the money which shall be levied to be brought into court, or otherwise secur-

ed to the creditors of Smith and Jenkins. But it appears that the plaintiff has in fact extinguished a debt which he incurred as endorser to the bank of Columbia, which more than covers the amount that he has levied upon ; and there is nothing at present which induces us to believe that should he succeed in levying more, there will be any want of good faith in its application. Under these circumstances, we deny the motion.

Motion denied.