YOUNGS, Administratrix, *et al.*, *v.* WILSON *et al.*

A mortgage, duly recorded, is not void, as to purchasers or creditors, for uncertainty, when, being conditioned to secure liabilities already incurred, it does not specify the amount.

APPEAL from the Supreme Court. Action to foreclose a mortgage. The complaint set forth a bond, executed by Moses W. Eastman to George Youngs and Abel Hunt, bearing date June 4, 1849, in the penal sum of two thousand four hundred dollars, with a condition similar to that of the mortgage next mentioned.

It also set forth a mortgage, bearing the same date and between the same parties, by which Eastman conveyed to Youngs and Hunt certain lands in Yates county, which were particularly described, which conveyance was made subject to the following condition, viz.: "That if the said Moses W. Eastman shall well and truly pay, and save harmless, and

indemnify the said George Youngs and Abel Hunt, and each of them, of and from all liabilities which they, or either of them, may have at any time heretofore contracted to and for the said Moses W. Eastman, either as surety, indorsers or guarantors, or otherwise, whether now due or yet to grow due, and shall save harmless the said George Youngs and Abel Hunt, and each of them, of and from all damages, costs and charges on account of the same," then the conveyance was to cease; but in case "default should be made in the payment of all or any part of the said liabilities, as the same should become due," the lands were to be sold and the amount due, with costs and charges, to be deducted from the proceeds, and the surplus, if any, paid to the mortgagor.

The complaint also stated, that the mortgage was duly recorded in the clerk's office of Yates county, on the day of its date; that Youngs had paid debts of Eastman, on which he was liable as surety or indorser, at the time when the mortgage was executed, which amounted to $724.61 [of which a particular account was given].; and that the estate of Hunt remained liable on a note given by Eastman to one Owens, on the 24th day of December, 1846, for $263, on which said Hunt was indorser, which, with interest, still remained unpaid; that the mortgaged premises had been conveyed to the defendant, James Miles, who, with the other defendants, claimed some interest in the premises, which interest had accrued subsequent to the lien of the mortgage. There was the usual prayer for a foreclosure, and a sale of the mortgaged premises, and payment of the plaintiffs' demands and costs out of the proceeds.

The usual judgment of foreclosure for the sale of the mortgaged premises, and the payment, out of the proceeds of the sale, of the costs and expenses, and the amounts found due to the several plaintiffs, was entered at a special term; from which judgment Lewis O. Wilson, only, appealed to the Supreme Court at general term. On the hearing of that appeal, the judgment at the special term was reversed, and the complaint dismissed, as against the appellant, with costs, on the ground that the mortgage was fraudulent and void, as against creditors

of the mortgagor, for uncertainty in respect to the debt or debts it was intended to secure.

From that judgment the plaintiffs brought the present appeal. After the bringing of such appeal both the appellants died, and the personal representatives of the appellant Youngs were substituted in his place. There had been no substitution as to the executors of Abel Hunt, and it was assumed, on the argument, that as to them the appeal was at an end.

*S. H. Welles*, for the appellants.

*D. B. Prosser*, for the respondent.

SELDEN, J. I cannot concur with the court below in the opinion that the mortgage in question was void as against creditors or purchasers. There is no pretence, and could be none, that it was not valid between the parties to it. It described the debts which it was intended to secure, with such certainty that there could be no difficulty in determining what debts were, and what were not, embraced in the description. In such cases, the maxim, that that is certain which may be made certain, applies. It is not requisite that the condition should be so completely certain as to preclude the necessity of extraneous inquiry. (*Monell* v. *Smith*, 5 Cow., 441; *Robinson* v. *Williams*, 22 N. Y., 380; *Stoughton* v. *Pasco*, 5 Conn., 442; *Merrills* v. *Swift*, 18 id., 257; *United States* v. *Hooe*, 3 Cranch, 73; *Kramer* v. *The Farmers' and Mechanics' Bank*, 15 Ohio, 253.)

The mortgage having been duly recorded, if not fraudulent in fact, was as effectual against subsequent creditors and purchasers as it was against the mortgagor. If it was sufficiently certain to be valid against the party who made it, it was equally certain and valid against all persons claiming under him. If valid between the parties it was a mortgage, and as it was duly recorded, it was not within the provision of the statute which declares void, as against subsequent purchasers, unrecorded

conveyances. The only statute bearing upon the question is the following:

"Every conveyance of real estate within this State, hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated; and every such conveyance *not so recorded* shall be void, as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." I can discover nothing in this statute to justify the distinction between certainty as against the party, and certainty as against subsequent creditors or purchasers, which forms the basis of the judgment of the court below. If the instrument was certain enough to amount to a conveyance, it was a recorded conveyance, and valid as such.

A purchaser, with notice of any outstanding equity against his vendor, takes the place of such vendor and acquires his rights only (*Frost* v. *Beekman*, 1 Johns. Ch., 301; 3 Sugden on Vendors and Purchasers, 440); and notice of circumstances sufficient to put a party upon inquiry, has the same effect as actual notice of the facts which could be learned on reasonable inquiry. (3 Sugden, 468; *Dunham* v. *Dey*, 15 Johns., 569; *Peters* v. *Goodrich*, 3 Conn., 150; *Williamson* v. *Brown*, 15 N. Y., 359.) The registry of the mortgage was equivalent to actual notice of its existence and contents, and the purchaser, with such notice, is bound by all the equities which the holder of the mortgage had against the mortgagor, whose place he takes. (*Stoughton* v. *Pasco*, 5 Conn., 442, 447.) The condition of the purchaser in the present case is precisely the same as it would have been at common law, if he had purchased with actual notice of the prior mortgage. In that case it cannot be doubted that he would have taken subject to the mortgage, if it was valid against the mortgagor.

The rule adopted in Connecticut, in *Hart* v. *Chalker* (14 Conn., 77), on which the court below placed much reliance, is, that "where a mortgage is given to secure an ascertained debt, the amount of the debt ought to be stated." I am not disposed

to question the wisdom of this rule, although it would sometimes be inconvenient and do injustice, and its propriety is not free from doubt (see 5 Conn., 449); but I cannot deduce it from our statute, which merely provides that conveyances not recorded shall be void against purchasers. The mortgage of Eastman was valid between the parties; it was a conveyance, and it was recorded, and therefore was not made void by the statute.

It is only with reference to the question of an actual intention to defraud creditors, that the indefinite description of the debts intended to be secured by the mortgage could be material. What influence such indefiniteness might have in that respect, we are not called upon to determine. There is no allegation in the answer which could raise that question, and if there had been, we could not notice it, in the absence of any finding by the court below upon the question of fact. (*Grant* v. *Morse*, 22 N. Y., 324.) I am, therefore, of opinion that the court below erred in declaring the mortgage void, as against Wilson.

Upon the other questions presented by the case, so far as they related to the rights of George Youngs (and to that extent only are they now before the court), I entertain no doubt that they were correctly decided by the special term. The judgment of the general term should, therefore, be reversed, and that of the special term affirmed, as to the relief granted by that judgment to George Youngs.

There are no appellants here representing the estate of Abel Hunt, and the judgment dismissing the complaint as against the executors of that estate, will not be affected by the judgment of this court. The propriety of bringing on the argument of the appeal, without the presence of parties representing that estate, is very questionable, but as neither of the parties before the court interposed any objection on that account, the defect in the proceedings, if it be one, has not been regarded.

MARVIN, J. The judgment of the special term, in favor of the plaintiffs, was reversed by the general term, upon the sole

ground that the mortgage was fraudulent and void, as to subsequent creditors, on the ground of vagueness and uncertainty in respect to the debts it was intended to secure.

It is conceded that a mortgage given to secure future contingent liabilities may be valid, but the position is, that, in case the debt exists or the liability has been incurred at the time the mortgage is executed, it must be truly stated, so as to enable creditors, upon examining the record of the mortgage, to ascertain the amount of the debt or the nature and character of the liability assumed.

The validity of the mortgage is not questioned upon the ground that there was, in fact, no valid consideration between the parties to it. In my opinion, the court erred in reversing the judgment. There was a good and sufficient consideration for the mortgage. The consideration expressed was $2,400 money; but this was not the true consideration. It has long and often been held, in this State, that the real consideration of mortgages or deeds may be shown by parol, though different from that expressed in the instrument; and this court, in *McKinster* v. *Babcock* (26 N. Y., 378), applied the rule to a chattel mortgage, in which the consideration expressed was money, when, in truth, the real consideration was the indorsement of the note of the mortgagor, and the mortgage was given by way of security. This court sustained the mortgage, the referee having found as a fact that it was executed in good faith, and not with intent to hinder, delay or defraud creditors. So in this case, the parol evidence upon the trial showed what the consideration actually was, and it was sufficient, viz., liabilities assumed by the mortgagee for the mortgagor, and the amount which had been paid of such liabilities. It may be said in this case, as was said in the case just referred to, and also in *Shiras* v. *Craig* (7 Cranch, 34), by Chief Justice MARSHALL, in which the real transaction did not appear on the face of the mortgage, that such cases are liable to suspicion; that they must sustain a rigorous examination, and that it is always advisable fairly and plainly to state the truth. And in this case, I will say that it would have been far better to

have specified the liabilities assumed, so that the creditors of the mortgagor or others interested would be able more readily to examine into the facts, and ascertain whether they were true or fictitious. But, if the consideration is actually valid and sufficient, and it is found as a fact, upon sufficient evidence, that the instrument was not executed with intent to hinder, delay or defraud creditors, the court cannot declare the instrument void, as to creditors, upon the ground that the consideration, as expressed, is vague and uncertain. (See *Robinson* v. *Williams*, 22 N. Y., 380, in which many of the cases are referred to.)

The judgment of the general term should be reversed, and that of the special term affirmed.

DENIO, Ch. J., DAVIES, WRIGHT, SELDEN, EMOTT and BALCOM, Js., concurring,

Judgment accordingly.