## ISAAC C. SHULER, AUGUSTUS CLARK AND MARIA McDONALD, RESPONDENTS, v. OLIVER BOUTWELL AND CHARLES A. BOUTWELL, APPELLANTS.

*Chattel mortgage — an agreement referred to therein, as to the payment of the debt, need not be recorded — the giving of a second mortgage for the same debt, does not cancel the first mortgage.*

A chattel mortgage made the debt payable as follows, viz.: "The said principal sum and interest to be paid immediately at the expiration of five years from date, *except in case default should be made in the performance of the conditions of a certain agreement this day executed by,*" etc. This agreement provided that the debt was to be paid in monthly installments of fifty dollars each. *Held,* that the mortgage was not invalidated by the failure to record or file the agreement referred to.

The giving of a second chattel mortgage upon the same property covered by a first one, to secure the same debt, is not of itself a cancellation of such first mortgage.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

In August, 1872, one John W. Burns was carrying on business as an undertaker in Troy, and had in his possession a hearse and other articles, which belonged to one Wm. H. Van Every. On August twenty-fourth Burns entered into partnership with Hebert B. Millard, and on that day Van Every, with the knowledge and consent of Burns, conveyed all the said property to Millard, and took back a chattel mortgage thereon. Millard, at the time of the execution of this mortgage, resided in the town of Lansingburgh, Rensselaer county. The mortgage was erroneously filed in the county clerk's office in Troy. On October 17, 1872, Burns, with the knowledge and consent of Millard, gave a mortgage upon the same property to the plaintiff, who had knowledge of the mort-

gage already given to Every. On July 25, 1873, a new mortgage upon the same property was delivered by Millard to Van Every, which was duly filed in the office of the clerk of the town of Lansingburgh, and on August 13, 1874, another mortgage was given by him to Van Every on the same property, and filed in the same office. The mortgage of October 17, 1872, given to the plaintiff, provided as to payment, "the said principal sum and interest to be paid at the expiration of five years from date, except in case default should be made in the performance of the condition of a certain agreement this day executed by John W. Burns and Herbert B. Millard to said party of the second part, in which case the said principal and interest money shall become immediately due and payable." The agreement referred to provided that the money should be paid in monthly installments of fifty dollars each.

The defendant, who claimed to own the property as assignee of the mortgages given to Van Every, seized the property for default in making payments and sold it. This action was brought by the plaintiff to recover for an alleged conversion.

*Edgar L. Fursman*, for the appellants.

*John H. Colby*, for the respondents.

LEARNED, P. J. :

The first point made by the defendants on this appeal is that the plaintiffs' chattel mortgage of October 17, 1872, was not legally filed. The facts on which the defendants make this point are these. The paper which was filed, and which was in the usual form of a chattel mortgage, made the principal and interest payable five years from date, "except in case default should be made in the performance of the conditions of a certain agreement, etc., in which case the principal and interest moneys shall become immediately due and payable." The agreement thus referred to, executed the same day, made the said mortgagor and his partner agree to pay the debt in monthly payments of fifty dollars. And the defendants insist that, as this agreement constituted part of the mortgage, and that as this paper was not filed, the mortgage was not filed.

I do not think this point well taken. It is shown by several cases that a mortgage of land may be valid, and the record thereof

good, although it may be necessary to refer to something outside of the recorded instrument, to ascertain the exact rights of the parties; and I think that the same general principle applies here. (*Youngs* v. *Wilson*, 27 N. Y., 351; *Robinson* v. *Williams*, 22 id., 380; *Craig* v. *Tappin*, 2 Sandf. Ch., 78; *Bk. of Utica* v. *Finch*, 3 Barb. Ch., 297.) Of course if there were actual fraudulent intent the question would be different.

The defendants insist that the referee erred in his finding of fact that the mortgage of August 24, 1872, was canceled and annulled by that of August 13, 1874. The three mortgages were made by the same party Millard to the same party Van Every, and the first to secure $9,600; the second $8,000; the third $7,500. The second and third seem to have covered most of the property cov‑ ered by the first. The referee found, as a matter of fact, that each subsequent mortgage was intended as a substitute for and to take the place of the prior. It is urged by the defendants that there is no evidence of this except the mere giving a second and third mortgage to secure the same debt; and the plaintiffs point out no evidence on this point except the mortgages themselves. Nor am I able to find any testimony showing such cancellation or intended substitution; unless the fact of the giving a subsequent mortgage for the same debt is itself a cancellation or annulling of the former. But the contrary is the law. A second chattel mort‑ gage for the same debt does not extinguish the first. (*Gregory* v. *Thomas*, 20 Wend., 17; *Hill* v. *Beebe*, 13 N. Y., 556.) On the evidence, therefore, I do not see how the findings that the first mortgage was canceled by the second, and that by the third is to be sustained, at least in the absence of proof of an actual agree‑ ment for such cancellation. And, as it seems to me, the mortgage of August 24, 1872, continued to be in force.

This mortgage was not filed in the proper clerk's office. But the referee has found that, at the time of the execution and deliv‑ ery to the plaintiffs of the chattel mortgage under which they claim, they had full knowledge of the execution and delivery of the chattel mortgage of August 24, 1872, to Van Every; and, therefore, the omission to file did not make it void as to them. (*Farmers' L. and T. Co.* v. *Hendrickson*, 25 Barb., 484.) They had knowledge, too, at that time, as the referee finds, of the

purchase by Millard from Van Every of this property, for the purchase-price of which this mortgage was given.

A question then arises whether Van Every assigned to the defendants the mortgage of August 24, 1872. Van Every testified that he agreed to, and supposed that he did, transfer to them all his right, title and interest in this property; that he told one of the defendants he would sell and assign to him all the interest he had in this property of every name and nature. The witness, on cross-examination, stated that he supposed the matter was finally reduced to writing, was drawn, signed and delivered to the defendants or their attorney. But no such assignment, and no writing whatever of this transfer was given in evidence.

We have then the fact, testified to by Van Every, that he agreed to transfer, and supposed that he did transfer all his right and interest to the defendants. And it does not appear affirmatively what the written instrument contained. Perhaps it may be inferred that that instrument was in form an assignment of the mortgage of August 13, 1874. This mortgage contained a covenant to pay the money; and the assignment of the mortgage would, therefore, be an assignment of that covenant. It would seem, therefore, assuming that the mortgage of August 24, 1872, was in force, that, as against the defendants, Van Every could not claim to be the owner of that mortgage of August 24, 1872. The same debt, although reduced in amount, was secured by the three mortgages.

There seems to be nothing in the transactions of any of the parties, subsequent to the execution of the mortgage of August 24, 1872, which should deprive Van Every of his rights under the same. The payments reduced, but did not extinguish it; and he could transfer his rights to the defendants.

For these reasons I think the judgment should be reversed, and a new trial granted; reference discharged; costs to abide event.

Present — LEARNED, P. J.; BOARDMAN and BOCKES. JJ.

Judgment reversed; new trial granted; reference discharged; costs to abide event.